IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Soluble Technologies Group, LLC,<br><br>    Plaintiff<br><br><br>The Coca-Cola Co., Inc.<br><br>    Defendant. | Case. No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      This is a complaint for patent infringement pursuant to 35 U.S.C. §§ 1 *et seq.*, as amended.

2.      Plaintiff Soluble Technologies Group, LLC ("STG") alleges, as set forth in detail below, that Defendant, the Coca-Cola Co., Inc. ("Coke"), through its Freestyle® touch screen soda fountain machines and the concentrate compositions that are used in the machines, willfully infringes multiple patents owned by STG.  Extensive and rigorous chemical testing commissioned by STG conclusively demonstrates that the concentrate compositions in the Coca-Cola® P1, Coca-Cola® Zero Sugar P1, and Diet Coke® P2 Freestyle® Cartridges ("The Accused Products") infringe composition and method claims of the STG patents.

3.      Specifically, at least the following independent composition claims are infringed by the Accused Products: claim 1 of U.S. Patent No. 11,517,033, claim 6 of U.S. Patent No. 11,606,961, claim 15 of U.S. Patent No. 11,744,267, claim 1 of U.S. Patent No. 11,785,969, and claim 6 of U.S. Patent No. 11,766,054.  Additionally, STG alleges, as set forth below, that the Accused Products infringe at least the following independent method claims: claims 1 and 17 of

U.S. Patent No. 11,517,034, claim 8 of U.S. Patent No. 11,606,962, and claim 1 of U.S. Patent No. 11,622,570.

## PARTIES AND JURISDICTION

4. STG is a limited liability company organized and existing under the laws of Delaware, having its registered office in Bal Harbor, Florida.

5. Coke is a Delaware Corporation with a principal place of business in Atlanta, Georgia. It manufactures and sells the Accused Products for use with the Freestyle® touch screen soda fountain machines.

6. This action arises under the Patent Act of 1952, 35 U.S.C. §§ 1 *et seq.*, as amended.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Personal jurisdiction over Coke is proper in this District because Coke is a Delaware Corporation and sells infringing products in this District.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Coke is a Delaware Corporation.

## FACTUAL ALLEGATIONS

### STG's Products and Patent Portfolio

10. STG is a leading innovator in the field of liquid water enhancer (LWE) technology and products. In general, LWE products are flavoring concentrate compositions added to water to produce a finished beverage and/or enhance the flavor of water to boost hydration for consumers by making water taste better. The flavoring concentrate compositions invented by STG are designed to dissolve rapidly in water or other solvents

11. STG licenses its patented technology to a related entity, One8 Health Brands, LLC,

which sells patented all natural LWE products under the "Clear Theory" brand. *See* https://www.getcleartheory.com.

12.     STG has invested substantial resources into developing an extensive patent portfolio. STG now owns U.S. Patent No. 9,560,872, U.S. Patent No. 9,839,227, U.S. Patent No. 10,154,682, U.S. Patent No. 10,327,462, U.S. Patent No. 10,448,659, U.S. Patent No. 11,606,961, U.S. Patent No. 11,606,962, U.S. Patent No. 11,517,033, U.S. Patent No. 11,517,034, U.S. Patent No. 11,622,570, U.S. Patent No. 11,744,267, U.S. Patent No. 11,766,053, U.S. Patent No. 11,766,054, and U.S. Patent No. 11,785,969. The STG patents claim a priority date of March 22, 2005.  The expiration date for all the STG patents is March 26, 2026.  STG has successfully enforced its patents against multiple competitors in the LWE field and has entered into license agreements with several industry leaders.

## The Infringing Products

13.     Coca-Cola's Freestyle® machines are touch screen soda fountains that use liquid concentrate cartridges to prepare flavored finished "post-mix" beverages by dilution with water at the point-of-consumption.  The Freestyle® machines were first launched in 2009 with the introduction of the model 9000 for self-serve use and the model 8000 for crew-serve behind-the-counter use.

14.     Since 2009, additional Freestyle® machines have been introduced over time, with each model using the same or similar concentrate cartridges.  In particular, a countertop model 7000 was introduced in 2014 having a more compact footprint alongside a compact model 3100.

15. In 2018, the model 9100 was introduced as an updated version of the original self-serve model 9000. In 2021, the countertop model 7100 was introduced offering 80+ drinks and the following year the model 8100 was launched using "SmartPour" auto-fill technology focused on the crew-serve drive-thru window market. Finally, in 2023 a hybrid "Flex" model was introduced offering 40+ beverages, a slim footprint, and "PurePour" technology.

16. At least three of the packaged concentrate cartridges sold for use in Coca-Cola Freestyle® machines – Coca-Cola®, Coca-Cola® Zero Sugar, and Diet Coke® – infringe one or more claims of STG's patents according to the product labels and STG's testing. Each of these packaged concentrate cartridges are sold in a single labeled box with each box containing a "double cartridge." The double-cartridge consists of two separate bags attached together for ease of loading into the Freestyle machine with each of the two separate bags containing a concentrate, labeled as "P1" or "Part 1" and "P2" and "Part 2," as shown in Table 1 below.

17. As shown in Table 1, according to Coca-Cola's own product labels, each of the "P1" Freestyle® cartridges for Coca-Cola® and Coca-Cola® Zero Sugar, and the "P2" Freestyle cartridge for Diet Coke®, contain water, acid, and flavoring in a single cartridge. Water, acid, and flavoring are three of the elements featured in STG's patent claims. The three cartridges shown in Table 1 were obtained by STG and tested at an independent laboratory. The tests were designed to determine the weight percent of phosphoric acid and citric acid in each sample, as well as the weight percent water and the density of each sample.

Table 1 – Freestyle® Cartridge Labels for Coca-Cola®, Coca-Cola® Zero Sugar, and Diet Coke®

| | |
|---|---|
| Coca-Cola®<br><br>P1 Ingredients:<br>**Water**, **Phosphoric Acid**, Caramel Color, **Natural Flavors**, Caffeine | |
| Coca-Cola® Zero Sugar<br><br>P1 Ingredients:<br>**Water**, **Phosphoric Acid**, Caramel Color, **Potassium Citrate**, Caffeine, **Natural Flavors**, Dimethylpolysiloxane | |

5

| Diet Coke®<br><br>P2 Ingredients:<br>**Water**, Caramel Color, **Phosphoric Acid**, **Natural Flavors**, Caffeine, **Citric Acid** |  |
|---|---|

18.    Table 2 shows the density for each of the accused products:

Table 2 – Density for Coca-Cola® P1, Coca-Cola® Zero Sugar P1, and Diet Coke® P2 Freestyle® Cartridges

| Flavor | Average Density (g/mL) | % Relative Standard Deviation |
|---|---|---|
| Coca Cola® P1 | 1.0512 | 0.07 |
| Coca Cola® Zero Sugar P1 | 1.0647 | 0.04 |
| Diet Coke® P2 | 1.0482 | < 0.01 |

19.    Table 3 provides the calculated weight percent phosphoric acid in the Coca-Cola® P1, Coca-Cola® Zero Sugar P1 Freestyle® cartridges and the calculated combined phosphoric acid and citric acid weight percent in the Diet Coke® P2 Freestyle cartridge.

Table 3 – Calculated Weight Percent Acid for Coca-Cola® P1, Coca-Cola® Zero Sugar P1, and Diet Coke® P2 Freestyle® Cartridges Based on Acid-Base Titration in Table 2

| Flavor | Weight % Acid | Representative Calculation of Weight % Acid |
|---|---|---|
| Coca Cola® P1 | 8.44% | [[(1.81M·97.994g/mol·100)/(1.0512 g/mL·1000)]/2] |
| Coca Cola® Zero Sugar P1 | 6.90% | [[(1.50M·97.994g/mol·100)/(1.0647 g/mL·1000)]/2] |
| Diet Coke® P2 | 4.88% | Phosphoric Acid Contribution (4.42%): [[(1.02M·(37.7/40.7)·97.994g/mol·100)/(1.0482 g/mL·1000)]/2] Citric Acid Contribution (0.46%): [[(1.02M·(3.0/40.7)·192.12g/mol·100)/(1.0482 g/mL·1000)]/3] |

20.     Additionally, each sample was analyzed using ion chromatography (IC) to determine the corresponding weight percent of phosphate and citrate anions in each sample, as shown in Table 4. Since the only sources of phosphate and citrate in each sample, according to the corresponding product labels, are phosphoric acid and citric acid, respectively, the weight percentages shown in Table 4 also correspond to the weight percent of phosphoric and citric acid, as measured by IC.

Table 4 – Ion Chromatography (IC) Results for Coca-Cola® P1, Coca-Cola® Zero Sugar P1, and Diet Coke® P2 Freestyle® Cartridges

| Flavor | Phosphate (wt%) | Citrate (wt%) | Total Acid (wt%) |
|---|---|---|---|
| Coca Cola® P1 | 8.64% | Undetectable | 8.64% |
| Coca Cola® Zero Sugar P1 | 6.94% | 1.25% (as Potassium Citrate according to label) | 6.94% |
| Diet Coke® P2 | 3.69% | 0.58% | 4.27% |

21.     Finally, the water content of each sample was determined using Karl Fischer titrimetric analysis and is provided in Table 5.

4914-0384-8587 v1

Table 5 – Karl Fischer Water Determination for Coca-Cola® P1, Coca-Cola® Zero Sugar P1, and Diet Coke® P2 Freestyle® Cartridges

| Flavor | Water Concentration (wt%) | % Relative Standard Deviation |
|---|---|---|
| Coca Cola® P1 | 89.07% | 0.38 |
| Coca Cola® Zero Sugar P1 | 87.08% | 0.30 |
| Diet Coke® P2 | 90.73% | 0.12 |

22. Based on Tables 1-5, the concentrate compositions in the Coca-Cola® P1, Coca-Cola® Zero Sugar P1, and Diet Coke® P2 Freestyle® Cartridges meet all of the limitations of one or more of STG's patent claims.

23. As shown in the following claim charts for Coca-Cola® P1 (Exhibits 1-4), the Coca-Cola® P1 Freestyle concentrate composition infringes at least the following independent composition claims: claim 1 of U.S. Patent No. 11,517,033, claim 15 of U.S. Patent No. 11,744,267, claim 1 of U.S. Patent No. 11,785,969, and claim 6 of U.S. Patent No. 11,766,054.

24. Additionally, as shown in the following claim charts for Coca-Cola® P1 (Exhibits 5-6), the sale and use of the Coca-Cola® P1 Freestyle cartridge infringes at least the following independent method claims: claims 1 and 17 of U.S. Patent No. 11,517,034 and claim 8 of U.S. Patent No. 11,606,962.

25. As shown in the following claim charts for Coca-Cola® Zero Sugar P1 (Exhibits 7-8), the Coca-Cola® Zero Sugar P1 Freestyle concentrate composition infringes at least independent composition claim 1 of U.S. Patent No. 11,517,033 and claim 15 of U.S. Patent No. 11,744,267.

26. Further, as shown in the following claim charts for Coca-Cola® Zero Sugar P1 (Exhibit 9), the sale and use of the Coca-Cola® Zero Sugar P1 Freestyle cartridge infringes at least

independent method claims 1 and 17 of U.S. Patent No. 11,517,034. The patent claims of U.S. Patent No. 11,517,034 have an anticipated expiration date of March 22, 2026, and a constructive notice date of December 6, 2022 (Issue date of U.S. Patent No. 11,517,034).

27.     Moreover, as shown in the following claim charts for Diet Coke® P2 (Exhibits 10-11), the Diet Coke® P2 Freestyle concentrate composition infringes at least independent composition claim 6 of U.S. Patent No. 11,606,961 and claim 1 of U.S. Patent No. 11,517,033.

28.     Further, as shown in the following claim charts for Diet Coke® P2 (Exhibits 12-14), the sale and use of the Diet Coke® P2 Freestyle cartridge infringes at least independent method claim 8 of U.S. Patent No. 11,606,962, claim 1 of U.S. Patent No. 11,622,570, and claims 1 and 17 of U.S. Patent No. 11,517,034. These patent claims have an anticipated expiration date of March 22, 2026, and a constructive notice date of December 6, 2022 (Issue date of U.S. Patent No. 11,517,034), March 21, 2023 (Issue date of U.S. Patent No. 11,606,962) and April 11, 2023 (Issue date of U.S. Patent No. 11,622,570).

**STG's Notices to Coke**

29.     On May 16, 2017, Steven Seltzer, on behalf of STG, contacted coke regarding STG's patented formulas. A copy of Mr. Seltzer's email messages to Coke and Coke's responses to those messages is attached as Exhibit 15. Coke ignored STG's invitation to engage in a discussion regarding the patented technology and continued to make infringing products.

30.     On December 6, 2022, as noted above, U.S. Patent No. 11,517,034, which contains only method claims, issued. The issuance of this patent provides constructive notice to Coke of STG's patented technology.

31. Finally, on August 19, 2025, STG, through counsel, sent notice to Coke of all of the patents and Coke's infringement of those patents. (Exhibit 16). Counsel for Coke and STG engaged in some discussions regarding the infringement claims (Exhibit 17) but no agreement was reached. Coke continues to make infringing products.

**Count I: Infringement by the Coca-Cola® P1 Freestyle Concentrate Composition**

32. As noted above, based on the extensive chemical testing and analysis performed on behalf of STG, the Coca-Cola® P1 Freestyle concentrate composition infringes at least the following independent composition claims of STG's patents: claim 1 of U.S. Patent No. 11,517,033; claim 15 of U.S. Patent No. 11,744,267; claim 1 of U.S. Patent No. 11,785,969; and claim 6 of U.S. Patent No. 11,766,054.

33. A detailed explanation of how the accused product infringes the composition claims of these patents is set forth above and in the claim charts attached hereto as Exhibits 1-4, which are incorporated herein by reference as if set forth in full below.

34. Moreover, based on the extensive chemical testing and analysis performed on behalf of STG, the Coca-Cola® P1 Freestyle concentrate composition infringes at least the following independent method claims: claims 1 and 17 of U.S. Patent No. 11,517,034 and claim 8 of U.S. Patent No. 11,606,962.

35. A detailed explanation of how the accused product infringes the composition claims of these patents is set forth above and in the claim charts attached hereto as Exhibits 5-6, which are incorporated herein by reference as if set forth in full below.

4914-0384-8587 v1

### Count II—Infringement by the Coca-Cola® Zero Sugar P1 Freestyle Concentrate Composition

36. As noted above, based on the extensive chemical testing and analysis performed on behalf of STG, the Coca-Cola® Zero Sugar P1 Freestyle concentrate composition infringes at least independent composition claim 1 of U.S. Patent No. 11,517,033 and claim 15 of U.S. Patent No. 11,744,267.

37. A detailed explanation of how the accused product infringes the composition claims of the patents referenced above is provided in the claim charts attached hereto as Exhibits 7-8, which are incorporated herein by reference as if set forth in full below.

38. Likewise, as noted above, the extensive chemical testing and analysis performed on behalf of STG demonstrates that the sale and use of the Coca-Cola® Zero Sugar P1 Freestyle cartridge infringes independent method claims 1 and 17 of U.S. Patent No. 11,517,034.

39. A detailed explanation of how the accused product infringes the composition claims of the patents referenced above is provided in the claim charts attached hereto as Exhibit 9, which are incorporated herein by reference as if set forth in full below.

### Count III—Infringement by the Diet Coke® P2 Freestyle Concentrate Composition

40. As noted above, based on the extensive chemical testing and analysis performed on behalf of STG, the Diet Coke® P2 Freestyle concentrate composition infringes independent composition claim 6 of U.S. Patent No. 11,606,961 and claim 1 of U.S. Patent No. 11,517,033.

4914-0384-8587 v1

41. A detailed explanation of how the accused product infringes the composition claims of the patents referenced above is provided in the claim charts attached hereto as Exhibits 10-11, which are incorporated herein by reference as if set forth in full below.

42. Moreover, based on the extensive chemical testing and analysis performed on behalf of STG, the sale and use of the Diet Coke® P2 Freestyle cartridge infringes independent method claim 8 of U.S. Patent No. 11,606,962, claim 1 of U.S. Patent No. 11,622,570, and claims 1 and 17 of U.S. Patent No. 11,517,034.

43. A detailed explanation of how the accused product infringes the composition claims of the patents referenced above is provided in the claim charts attached hereto as Exhibits 12-14, which are incorporated herein by reference as if set forth in full below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

A. Declare, adjudge, and decree that Coke is liable for infringement of U.S. Patent No. 11,517,033, U.S. Patent No. 11,606,961, U.S. Patent No. 11,744,267, U.S. Patent No. 11,785,969, U.S. Patent No. 11,766,054; U.S. Patent No. 11,517,034; U.S. Patent No. 11,606,962; and U.S. Patent No. 11,622,570;

B. Issue preliminary and permanent injunctions restraining Coke from engaging in any further activities that infringe the STG patent listed above;

C. Award STG damages in accordance with 35 U.S.C. § 284;

D. Declare this case "exceptional" and award STG increased damages and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

E. Award STG such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38, Plaintiffs respectfully demand a jury trial of all issues triable to a jury in this action.

Dated:  February 2, 2026                    Respectfully submitted,

                                                   GELLERT SEITZ BUSENKELL & BROWN LLC

*/s/ Margaret F. England*
Margaret F. England (DE 4248)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 416-3341
Facsimile: (302) 425-5814
Email: mengland@gsbblaw.com

Keith Grady (MO 46757) (*Pro Hac Vice* Motion forthcoming)
R. Devin Ricci (LA 34724) (*Pro Hac Vice* Motion forthcoming)
J. Matthew Miller III (LA 32594) (*Pro Hac Vice* Motion forthcoming)
Richard McConnell (LA 29973) (*Pro Hac Vice* Motion forthcoming)

**KEAN MILLER LLP**
BankPlus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
(504) 585-3050

keith.grady@keanmiller.com
devin.ricci@keanmiller.com
matthew.miller@keanmiller.com
richard.mcconnell@keanmiller.com

*Attorneys for Plaintiff Soluble Technologies Group, LLC*