IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOLUBLE TECHNOLOGIES GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-122 (CFC) |
| | ) | |
| | ) | |
| THE COCA-COLA COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT
THE COCA-COLA COMPANY'S PARTIAL MOTION TO DISMISS
<u>FOR FAILURE TO STATE A CLAIM, OR ALTERNATIVELY, TO STRIKE</u>**

OF COUNSEL:

Danielle Williams
KING & SPALDING LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
704-503-2600

Russell E. Blythe
Ellen Yeseul Min
Mary Katherine Kennedy
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309
404-572-4600

Michael A. Bittner
KING & SPALDING LLP
2601 Olive Street
Suite 2300
Dallas, TX 75201

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jying@morrisnichols.com

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ......................................1

II.   SUMMARY OF THE ARGUMENT...............................................1

III.  STATEMENT OF THE FACTS ................................................2

      A.    The Asserted Patents and Accused Products..........................2

      B.    STG's Licensee and the Absence of Marking .........................4

      C.    STG's Communications with Coca-Cola ..............................5

IV.   ARGUMENT.........................................................6

      A.    Legal Standard.................................................6

      B.    The Complaint Fails To Allege Compliance With The Marking
            Requirements of Section 287(a)..................................7

            1.    STG Fails To Allege Marking By Its Licensee........................9

            2.    STG's Allegations Regarding Actual Notice Are Insufficient..10

                  a.    2017 Email........................................11

                  b.    Issuance of '034 Patent in December 2022 ....................12

                  c.    2025 Letter........................................13

      C.    STG Cannot Seek Injunctive Relief For Expired Patents...................14

V.    CONCLUSION........................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Med. Sys., Inc., v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ...........................................................................8, 9

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) ....................................................10, 12, 13, 14

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) .................................................................7, 9, 10

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020) ........................................................................12

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007) .............................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................6

*Buck v. Hampton Twp. Sch. Dist.*,
   452 F.3d 256 (3d Cir. 2006) ..........................................................................5, 7

*Civix-DDI, LLC v. Cellco P'ship*,
   387 F. Supp. 2d 869 (N.D. Ill. 2005)...............................................................11

*Curay-Cramer v. Ursuline Acad. Of Wilmington, Del., Inc.*,
   450 F.3d 130 (3d Cir. 2006) .............................................................................7

*Diceon Elecs., Inc. v. Calvary Partners, L.P.*,
   772 F. Supp. 859 (D. Del. 1991).......................................................................3

*DivX, LLC v. Hulu*,
   LLC, 2021 WL 4459368 (C.D. Cal. June 11, 2021) ....................................8, 11

*Douglas Dynamics, LLC v. Buyers Prod. Co.*,
   717 F.3d 1336 (Fed. Cir. 2013) .......................................................................14

*Express Mobile, Inc. v. Liquid Web, LLC*,
   2019 WL 1596999 (D. Del. Apr. 15, 2019) ..................................................8, 10

iii

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
   935 F.2d 1263 (Fed. Cir. 1991) ...............................................................11

*Fractus, S.A. v. TCL Corp.*,
   2021 WL 2483155 (E.D. Tex. June 2, 2021) ...............................................14, 15

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
   2018 WL 5669168 (D. Del. Nov. 1, 2018), *order corrected*, 2018
   WL 6168617 (D. Del. Nov. 26, 2018), *report and recommendation*
   *adopted*, 2019 WL 1276028 (D. Del. Mar. 20, 2019) .................................10, 12

*Illinois Tool Works, Inc. v. Grip-Pak, Inc.*,
   906 F.2d 679 (Fed. Cir. 1990) ...............................................................14

*Kaneka Corp. v. Designs for Health, Inc.*,
   2023 WL 12134510 (D. Del. Mar. 3, 2023).......................................................15

*Kearns v. Chrysler Corp.*,
   32 F.3d 1541 (Fed. Cir. 1994) ...............................................................14

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001) .................................................................8, 14

*Lubby Holdings LLC v. Chung*,
   11 F.4th 1355 (Fed. Cir. 2021) ...............................................................12

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996) ...............................................................9

*Microsource, LLC v. Eco World Grp., LLC*,
   587 F. Supp. 3d 770 (N.D. Iowa 2022) ...............................................................12

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
   138 F.3d 1437 (Fed. Cir. 1998) ...............................................................7

*Ortiz & Assocs. Consulting, LLC v. VIZIO*,
   2023 WL 7184042 (N.D. Tex. Nov. 1, 2023), *aff'd*, 2025 WL
   3653227 (Fed. Cir. Dec. 17, 2025) ...............................................................8

*Pepitone v. Am. Standard, Inc.*,
   983 F.2d 1087, 1992 WL 336539 (Fed. Cir. 1992).............................................3

iv

*Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*,
   113 F.3d 405 (3d Cir. 1997) .................................................................................7

**Statutes**

35 U.S.C. § 287(a) ..........................................................................................*passim*

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................1, 6

Fed. R. Civ. P. 12(f) .....................................................................................1, 15

Fed. R. Evid. 201 .............................................................................................3

## I.  NATURE AND STAGE OF THE PROCEEDINGS

On February 2, 2026, Plaintiff Soluble Technologies Group, LLC ("STG") filed this lawsuit accusing Defendant The Coca-Cola Company ("Coca-Cola") of infringing eight patents allegedly related to "liquid water enhancer (LWE) technology and products."  D.I. 1 ¶¶ 10-12.  STG seeks both monetary damages and injunctive relief.  *Id*. at 12.  The parties stipulated to extend Coca-Cola's response date to the Complaint to March 27, 2026.  D.I. 8.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Coca-Cola has moved to partially dismiss STG's claim for pre-suit damages that does not adequately plead compliance with 35 U.S.C. § 287(a).  Coca-Cola also moves to dismiss, or in the alternative strike under Rule 12(f) of the Federal Rules of Civil Procedure, STG's request for injunctive relief on patents that have now expired.

## II.  SUMMARY OF THE ARGUMENT

STG's Complaint fails to state a claim for pre-suit damages as to the asserted composition patents and injunctive relief as to all asserted patents.  ***First***, STG does not allege compliance with the marking requirements of 35 U.S.C. § 287(a) for the asserted composition patents.  STG licenses its patented technology to One8 Health Brands, LLC, which sells products under the "Clear Theory" brand, yet STG does not allege that these licensed products bear the required patent markings.  Because

1

STG fails to allege constructive notice through marking, it must allege actual notice to recover pre-suit damages on the composition patents.

STG alleges that its earliest communication with Coca-Cola was an email dated May 16, 2017, but this email could not provide actual notice because the asserted patents asserted had not yet issued. STG also alleges that its counsel sent a letter to Coca-Cola on August 19, 2025, identifying patents and accused products. However, the August 2025 letter omitted Diet Coke® P2 as an accused product and contained no infringement allegations for two of the asserted patents. Accordingly, STG's claims for pre-suit damages on the composition patents must be dismissed in part based on STG's failure to plead actual or constructive notice.

*Second*, all asserted patents expired on March 22, 2026. Because injunctive relief is unavailable for expired patents, STG's claim for such relief must also be dismissed, or in the alternative, stricken.

## III.    STATEMENT OF THE FACTS

### A.    The Asserted Patents and Accused Products

STG alleges infringement of eight patents: U.S. Patent Nos. 11,517,033 (the "'033 patent"); 11,606,961 (the "'961 patent"); 11,744,267 (the "'267 patent"); 11,785,969 (the "'969 patent"); 11,766,054 (the "'054 patent"); 11,517,034 (the "'034 patent"); 11,606,962 (the "'962 patent"); and 11,622,570 (the "'570 patent") (collectively, the "Asserted Patents"). D.I. 1 ¶ 3. The Asserted Patents include both

2

composition and method claims.  *Id.*  The patents containing only composition (*i.e.*, non-method) claims are the '033, '267, '969, '054, and '961 patents.  *See* Exs. A-E (copies of '033, '267, '969, '054, and '961 patents).[1]

Each of the Asserted Patents issued on December 6, 2022 or later, and each results at least in part from a common application filed on March 22, 2006.  D.I. 1 ¶ 12; *see also generally* Exs. A-H (copies of asserted patents).  All of the Asserted Patents expired on March 22, 2026.  D.I. 1 ¶ 12.

STG accuses three beverage concentrates used with Coca-Cola Freestyle dispensers of allegedly infringing the Asserted Patents: Coca-Cola® P1, Coca-Cola® Zero Sugar P1, and Diet Coke® P2 (collectively, the "Accused Products").  *Id.* ¶ 16.  STG acknowledges that Coca-Cola Freestyle machines have been commercially available since 2009.  *Id.* ¶ 14.

---

[1]     Coca-Cola notes that STG did not attach copies of the Asserted Patents as exhibits to the Complaint.    Coca-Cola has included copies of the '033, '267, '969, '054, and '961 patents as Exhibits A through E, respectively.  Copies of the '034, '962, and '570 patents—all of which recite only method claims—are attached as Exhibits F through H, respectively.

Under Rule 201(b) and (c) of the Federal Rules of Evidence, the Court may take judicial notice of these exhibits at the motion to dismiss stage.  *See Pepitone v. Am. Standard, Inc.,* 983 F.2d 1087, 1992 WL 336539, at *3 n.1 (Fed. Cir. 1992) ("[W]e may take judicial notice of published patents under Fed. R. Evid. 201(b) & (c)."); *Diceon Elecs., Inc. v. Calvary Partners, L.P.,* 772 F. Supp. 859, 861 (D. Del. 1991) ("On a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the Court by the party seeking to have them considered."); Fed. R. Evid. 201(b) & (c)(2).

**B.    STG's Licensee and the Absence of Marking**

The Complaint alleges that STG licenses its patented technology to One8 Health Brands, LLC, an entity related to STG that sells products under the "Clear Theory" brand. *Id.* ¶ 11. The Complaint does not allege, however, that Clear Theory products or any products made or sold under the Asserted Patents bear the markings required under Section 287.

The Complaint also references the Clear Theory website. *Id.* (citing https://www.getcleartheory.com). The referenced website, however, does not include any markings of the Asserted Patents, nor do the images of the Clear Theory products on the website show any markings. *See id.; see also* Figure 1 below.

 



*Figure 1.  Product Images from https://www.getcleartheory.com.*[2]

## C.    STG's Communications with Coca-Cola

STG alleges that on May 16, 2017, Steven Seltzer "contacted [Coca-Cola] regarding STG's patent formulas" on behalf of STG.  *Id.* ¶ 29, Exhibit 15 (the "2017

---

[2]    The Complaint cites to the website https://www.getcleartheory.com.  D.I. 1 ¶ 11.  The Court may take judicial notice of the images in Figure 1, which are taken from the website cited in the Complaint.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted and alterations adopted).

Email"). The 2017 Email does not identify any specific patents, does not identify any accused products, and does not accuse Coca-Cola of any infringement. D.I. 1-1 at 29-31. On the contrary, it only generally references STG's "patented Liquid Delivery Technology" and invites Coca-Cola to discuss "an opportunity to utilize a patent protected technology to launch a new and truly innovative product to reinvigorate the category." *Id.* at 30. Critically, the Asserted Patents did not issue until December 2022 or later—years after the 2017 Email.

STG further alleges that on August 19, 2025, STG's counsel sent a letter to Coca-Cola that identified "all of the patents and [Coca-Cola's] infringement of those patents." D.I. 1 ¶ 31, Exhibit 16 ("2025 Letter"). But the 2025 Letter did not include any reference to Diet Coke® P2 as one of the beverage concentrates specifically tested or analyzed. D.I. 1-1 at 32-35. The 2025 Letter also did not include specific infringement allegations regarding the '969 or '054 patents. *See* D.I. 1-1 at 34 (discussing claims of the '033, '267, '659, '053, '961, '962, and '871 patents only).

## IV.   ARGUMENT

### A.   Legal Standard

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss, the court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn

6

from them." *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). The Court is "not, however, required to accept as true unsupported conclusions and unwarranted inferences." *Id.; see also Curay-Cramer v. Ursuline Acad. Of Wilmington, Del., Inc.*, 450 F.3d 130, 133 (3d Cir. 2006). Nor is the Court "compelled to accept … 'a legal conclusion couched as a factual allegation.'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). The Court may consider "documents that are attached to or submitted with the complaint" and "any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." *Buck*, 452 F.3d at 260 (citation omitted and alterations adopted).

## B. The Complaint Fails To Allege Compliance With The Marking Requirements of Section 287(a).

Pursuant to 35 U.S.C. § 287(a), a patentee and its licensees who make or sell a patented article must mark those articles in accordance with the statute or notify infringers of the patent to recover damages. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1365-66 (Fed. Cir. 2017) ("*Arctic Cat I*"). The Federal Circuit has "explained that the marking statute serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented." *Id.* at 1366 (citing *Nike, Inc. v. Wal–Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998) (collecting authorities)).

7

Courts in this District have held that "[a] claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all." *Express Mobile, Inc. v. Liquid Web, LLC*, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019). Whether a patentee alleged compliance with Section 287(a) may be resolved at the motion to dismiss phase. *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming district court's order granting motion to dismiss for failure to state a claim where relevant products were not marked); *see also Ortiz & Assocs. Consulting, LLC v. VIZIO*, 2023 WL 7184042, at *3 (N.D. Tex. Nov. 1, 2023), *aff'd*, 2025 WL 3653227 (Fed. Cir. Dec. 17, 2025) (dismissing claim for pre-suit damages because plaintiff "was required to plead compliance with the statute, via facts establishing it marked products or showing that no products needed to be marked, in order to state a viable claim for pre-suit damages" but failed to do so); *DivX, LLC v. Hulu*, LLC, 2021 WL 4459368, at *5 (C.D. Cal. June 11, 2021) (dismissing claim for pre-suit damages where plaintiff failed to plead compliance with marking statute).

A patentee may satisfy Section 287(a) either (i) through constructive notice by marking its products (and/or its licensees' products) as required by the statute or (ii) by providing actual notice to the alleged infringer. *See* 35 U.S.C. § 287(a); *Am. Med. Sys., Inc., v. Med. Eng'g Corp.,* 6 F.3d 1523, 1537 (Fed. Cir. 1993). STG's

8

Complaint fails to allege compliance through either method. Accordingly, STG's claim for pre-suit monetary damages on the composition patents must be limited.

### 1.    *STG Fails To Allege Marking By Its Licensee.*

"A patentee who makes, uses, or sells its own invention is obligated to comply with the marking provisions to obtain the benefit of constructive notice." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (citation omitted). Even where the patentee itself does not make or sell the product, "[a] patentee's licensees must also comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'" *Arctic Cat I*, 876 F.3d at 1366 (citation omitted).

STG seeks pre-suit damages based on alleged infringement of the '033, '267, '969, '054, and '961 patents. As these five patents recite composition claims, they are subject to the marking requirement of Section 287(a). 35 U.S.C. § 287(a); *Am. Med. Sys.*, 6 F.3d at 1538.

STG does not allege that it makes any patented products but does allege that it licenses its patented technology to One8 Health Brands, LLC, which sells products under the Clear Theory brand. D.I. 1 ¶ 11. Critically, STG does not allege that Clear Theory products have been marked with the Asserted Patents, nor that STG has made any effort to ensure its licensee complies with the marking requirements. *See id.*

9

On the contrary, the Clear Theory website cited in the Complaint does not include any virtual marking nor does the product packaging displayed on the website bear any patent markings. *See* D.I. 1 ¶ 11. Thus, the Complaint fails to allege that STG's licensee marks its products. As a result, STG cannot rely on constructive notice to meet the pleading requirement for pre-suit damages as to any of the Asserted Patents with composition claims. *Express Mobile*, 2019 WL 1596999, at *2 ("claim for past damages requires pleading compliance with the marking statute").

### 2. *STG's Allegations Regarding Actual Notice Are Insufficient.*

"If a patentee who makes, sells, offers for sale, or imports his patented articles has not given notice of his right by marking his articles pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Arctic Cat I*, 876 F.3d at 1366. Actual notice requires "the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994); *see also Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, 2018 WL 5669168, at *4 (D. Del. Nov. 1, 2018) (recommending dismissal based on insufficient actual notice be granted), *order corrected*, 2018 WL 6168617 (D. Del. Nov. 26, 2018), and *report and recommendation adopted*, 2019 WL 1276028 (D. Del. Mar. 20, 2019).

10

In a section of the Complaint titled "STG's Notices to Coke," STG addresses three purported "notice" events, none of which sufficiently alleges actual notice to obtain pre-suit damages as required under Section 287(a).

### a. 2017 Email

STG alleges that "[o]n May 16, 2017, Steven Seltzer, on behalf of STG, contacted [Coca-Cola] regarding STG's patented formulas." D.I. 1 ¶ 29. But the Asserted Patents had not issued as of May 2017—and thus the 2017 Email could not provide actual notice of infringement of patents that did not exist. *See DivX, LLC*, 2021 WL 4459368 at *3, *5 (granting motion to dismiss pre-suit damages where alleged notices occurred before the patents-in-suit issued); *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 900 (N.D. Ill. 2005) ("Because the asserted patents did not exist at the time of that letter, it is impossible for that letter to communicate the specific charge of infringement required by the Federal Circuit.") (citing *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1266 (Fed. Cir. 1991)).

Moreover, the 2017 Email does not identify any accused products. In fact, it reflects STG's interest in collaborating with Coca-Cola for "an opportunity to utilize a patent protected technology to launch a ***new and truly innovative product*** to reinvigorate the category." D.I. 1-1 at 30 (emphasis added). In other words, STG did not identify any Coca-Cola products in existence in 2017 as purportedly infringing its patent portfolio. Instead, STG suggested creating a "new" product. *Id*.

11

This is not sufficient to allege actual notice. *See Amsted*, 24 F.3d at 187 ("Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device."); *Microsource, LLC v. Eco World Grp., LLC*, 587 F. Supp. 3d 770, 834-35 (N.D. Iowa 2022) (finding email identifying patent-in-suit was not actual notice because it did not name specific accused products) (citing *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020)).

For these reasons, the 2017 Email cannot satisfy Section 287(a)'s actual notice requirements and does not suffice to allege actual notice.

*b.*  Issuance of '034 Patent in December 2022

STG alleges that "[t]he issuance of [the '034 patent on December 6, 2022] provides constructive notice to [Coca-Cola] of STG's patented technology." D.I. 1 ¶ 30. The issuance of a patent does not provide the required notice. *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) (finding no actual notice even where defendant admitted being aware that patent issued). "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership." *Amsted*, 24 F.3d at 187. As courts in this District have recognized, a focus on whether the defendant knew of the patent is not the proper approach to determining notice. *See Horatio Washington Depot Technologies LLC*, 2018 WL 5669168, at *5. Instead, the analysis "must focus on the action of the

patentee." *Id.* (quoting *Amsted*, 24 F.3d at 187). Thus, STG's reference to the issuance of the '034 patent in the Complaint is not sufficient to allege actual notice.

### c. 2025 Letter

STG alleges that, on August 19, 2025, its counsel sent a letter identifying "all of the patents and [Coca-Cola's] infringement of those patents." D.I. 1 ¶ 31. The 2025 Letter, however, fails to provide actual notice in several respects.

First, STG's Complaint accuses three beverage concentrates used with Coca-Cola Freestyle dispensers of infringement: Coca-Cola® P1, Coca-Cola® Zero Sugar P1, and Diet Coke® P2. The 2025 Letter only addresses Coca-Cola® P1 and Coca-Cola® Zero Sugar P1. Accordingly, the 2025 Letter does not provide actual notice as to Diet Coke® P2. *See Amsted*, 24 F.3d at 187 ("Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device.").

Second, STG's Complaint alleges infringement of five patents with composition claims, including the '969 and '054 patents. The 2025 Letter references the '969 and '054 patents in passing as part of STG's patent portfolio, but it does not communicate a specific charge of infringement of these patents by a specific accused product or device. Vague reference to a patent without a specific charge of infringement by a specific accused product is not sufficient to provide notice. *See Amsted*, 24 F.3d at 187.

13

Accordingly, STG's claims for pre-suit damages must be dismissed to the extent it seeks: (i) damages before February 2, 2026 for the '969 and '054 patents as to any accused product; (ii) damages before February 2, 2026 for the '033, '267, '969, '054, and '961 patents as to Diet Coke® P2; and (iii) damages before August 19, 2025 for the '033, '267, and '961 patents as to Coca-Cola® P1 and Coca-Cola® Zero Sugar P1.

### C.      STG Cannot Seek Injunctive Relief For Expired Patents.

STG cannot state a claim for injunctive relief because the Asserted Patents have expired.  It is well established that injunctive relief is unavailable for expired patents.  *See, e.g., Douglas Dynamics, LLC v. Buyers Prod. Co.*, 717 F.3d 1336, 1339 (Fed. Cir. 2013); *Illinois Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 681 n.1 (Fed. Cir. 1990).  As the Federal Circuit has explained, "when the rights secured by a patent are no longer protectable by virtue of expiration or unenforceability, entitlement to injunctive relief becomes moot because such relief is no longer available." *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994).

Courts have consistently applied this principle to dismiss claims for injunctive relief where the underlying patent has expired.  *See Lans*, 252 F.3d at 1328 ("The district court cannot enjoin the [defendant] from infringing an expired patent. Thus, the district court correctly ruled that [plaintiff] has not stated a claim on which relief can be granted."); *Fractus, S.A. v. TCL Corp.*, 2021 WL 2483155, at *4 (E.D. Tex.

14

June 2, 2021) (granting motion to dismiss claim for injunctive relief where patents were expired and, in response to motion, plaintiff withdrew claim for injunctive relief); *see also Kaneka Corp. v. Designs for Health, Inc.*, 2023 WL 12134510, at *14 (D. Del. Mar. 3, 2023) (granting summary judgment denying injunctive relief where patent had expired).

The Asserted Patents expired on March 22, 2026. Because the patents are no longer in force, STG's claim for injunctive relief is moot. Accordingly, STG's claims should be dismissed to the extent it is seeking injunctive relief. Alternatively, to the extent the Court believes that STG's request for injunctive relief is a form of relief as opposed to a claim that can be dismissed, Coca-Cola respectfully requests that the Court strike from the complaint STG's request for "preliminary and permanent injunctions," D.I. 1 at 12, item B, under Rule 12(f) of the Federal Rules of Civil Procedure.

## V.    CONCLUSION

For the foregoing reasons, Coca-Cola respectfully requests the Court:

1.    dismiss STG's claims with prejudice to the extent STG seeks: (i) damages before February 2, 2026 for the '969 and '054 patents as to any accused product; (ii) damages before February 2, 2026 for the '033, '267, '969, '054, and '961 patents as to Diet Coke® P2; and

15

(iii) damages before August 19, 2025 for the '033, '267, and '961 patents as to Coca-Cola® P1 and Coca-Cola® Zero Sugar P1; and

2.    dismiss (or in the alternative, strike) STG's claims for injunctive relief with prejudice because all Asserted Patents are expired.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jying@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Danielle Williams
KING & SPALDING LLP
300 S Tryon Street
Suite 1700
Charlotte, NC 28202
704-503-2600

Russell E. Blythe
Ellen Yeseul Min
Mary Katherine Kennedy
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309
404-572-4600

Michael A. Bittner
KING & SPALDING LLP
2601 Olive Street
Suite 2300
Dallas, TX 75201

March 27, 2026

16

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 3,406 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The word count includes only the body of the document.  The word count does not include the cover page, tables of contents or authorities, or the counsel blocks.

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 27, 2026, upon the following in the manner indicated:

Margaret F. England                                    *VIA ELECTRONIC MAIL*
GELLERT SEITZ BUSENKELL & BROWN LLC
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
*Attorneys for Plaintiff*

Keith Grady                                            *VIA ELECTRONIC MAIL*
R. Devin Ricci
J. Matthew Miller III
Richard McConnell
KEAN MILLER LLP
BankPlus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
*Attorneys for Plaintiff*

/s/ Jennifer Ying

_____
Jennifer Ying (#5550)